■ In the Matter of JOSEPH F. LISA, Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and PAUL R. SCREVANE et al., Appellants.— In a proceeding under section 330 of the Election Law, to direct the Board of Elections of the City of New York to place the petitioner's name as a candidate of the Democratic party in the primary election to be held September 14, 1965 for the office of Council-man in the 14th Councilmanic District, Borough of Queens, on the same row or column of the voting machines with the names of Paul R. Screvane and others, the said Paul R. Screvane (and others) appeal from a judgment of the Supreme Court, Queens County, entered September 3, 1965, which *inter alia*: (1) granted the application; and (2) directed the elimination of the appellant Sadowsky's name as a candidate for said office of the Queens County Regular Democratic Organization. Judgment reversed on the law and the facts, without costs, and petition dismissed. Findings of fact which may be inconsistent herewith are reversed and new findings are made as indicated herein. Section 242-a (subd. 7, par. [c]) of the Election Law provides that only those candidates who comprise a complete slate of candidates and who have executed and filed mutual consents in writing to appear together shall be placed in the same row or column on the voting machines. Although petitioner Lisa was designated as the regular Democratic party candidate for the

office of Councilman from the 14th Councilmanic District in Queens County, he did not obtain the consent in writing of any of the city-wide candidates to run with him. This requirement for a written consent and due filing is a statutory requirement which cannot be waived. The court has no power to substitute for this specific statutory requirement an interpretation of intent or motive of the political organization involved. To disregard the requirement of a written mutual consent, duly filed, would create havoc and confusion and could lead to unlimited questions of credibility. Appellant Sadowsky did receive a consent in writing from the city-wide candidates to appear together with them on their ticket. This consent, duly filed, requires the name of Sadowsky to appear on the same row or column as the city-wide candidates. Even assuming, as did the Special Term, that there was an oral understanding that the city-wide candidates would consent to appear together with petitioner, the statutory requirement of a consent in writing may not be ignored. To do so would destroy the intent and purpose of the statute. It is conceded that, as to petitioner Lisa, there is no such written consent to effectuate the alleged oral understanding. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur. ·